## SNEED V. DEAL.

Decided April 19, 1890.

*Constructive trust—Renewal of lease by partner.*

Where two partners, without the knowledge or consent of the third partner, cancel a partnership lease, and renew it in their names and for their individual benefit, and sell their interest in the firm business and assets to such third partner, he becomes the owner of the lease.

APPEAL from *Faulkner* Chancery Court.

D. W. CARROLL, Chancellor.

*E. A. Bolton* for appellant.

One member of a partnership cannot obtain and retain a

secret advantage over his partners. The utmost good faith is required in all their dealings. 1 Bates, Part., sec. 304; 14 Beav., 250; 1 Mac. & G., 294; 64 Pa. St., 43, 50.

A partner who clandestinely claims in his own name a renewal of the lease of premises used by the firm· must hold it as partnership property. 1 Bates, Part., 305, and cases cited; 2 Lindley, Part., sec. 574; 8 N. Y., 236; 29 N. Y. Sup. Ct., 54; 61 N. Y., 123; Pom., Eq. Jur., sec. 1050.

*J. H. Harrod* for appellees.

The lease has long since expired, and the amount due Sneed has been paid. Nothing now can be gained by reversing the decree. Upon Sneed's agreement to sell out to them, appellees simply rented the house, and thinking that Sneed was not interested in and cared nothing about the house, he was not advised of the lease. On the whole case the decree is right.

BATTLE, J. On the first of September, 1886, John S. Sneed, S. G. Smith and B. T. Deal formed a partnership, and thereafter did a mercantile business in the town of Conway, in this State, under the firm name and style of Sneed & Co. While doing business in partnership they occupied a store-house known as the Bruce store. Finding a more desirable store, they rented it on the first of December, 1887, from J. E. Martin for a period of one year commencing on the first day of March, 1888, and caused. the contract to be reduced to writing and signed. Some time about the first of of February, 1888, they talked about a dissolution of partnership. On the 13th of the same month, Deal and Smith secretly, without the knowledge or consent of Sneed, undertook to cancel the lease, and made a written contract with Martin by which they leased his store-house for the same time and upon the same terms Sneed & Co. had previously rented it. On the 28th of February, the same month,

the partnership of Sneed & Co. was dissolved, and Sneed purchased and paid for the interest of Smith and Deal in the property and business thereof, without any knowledge or information of the effort of Smith and Deal to cancel the lease. His intention was to occupy and do business in the house rented from Martin, but finding that Smith and Deal had cancelled the lease thereof to Sneed & Co. and had rented the same and were in possession thereof, he brought an action in the Faulkner chancery court and asked in his complaint therein that the lease of Sneed & Co. be reinstated, or that Smith and Deal be declared trustees holding the lease to them in trust for him, and that he be placed in possession of the store-house. The court refused to grant to him any relief and dismissed his complaint; and he appealed.

Renewal of partnership lease by partner—Constructive trust. The lease of the store-house of Martin was the property of Sneed & Co.; and Smith and Deal, while partners of Sneed, could not privately, without his knowledge or consent, cancel it and take a new one in their names and for their individual benefit. They held the lease so taken in trust for the partnership. When it was dissolved, and Sneed purchased their interest in the business and assets of Sneed & Co., he became the owner of the lease, and entitled to use the store-house of Martin for the time it was rented. *Featherstonhaugh v. Fenwick*, 17 Ves., 298; *Clegg v. Fishwick*, 1 M. & G., 294; *Clements v. Hall*, 2 DeG. & J. 173; *Alder v. Fouracre*, 3 Swanst., 489; *Leach v. Leach*, 18 Pick., 68.

But the term of the lease has expired since the appeal herein was taken, and it is not in the power of the court to grant the specific relief asked for by the appellant in his complaint. Smith and Deal have paid the rent due on the lease, except $99.25 paid by Sneed in the way of work done upon the store-house in the month of February, 1888; and it does not appear that the lease was of any value beyond the rent paid. Under these circumstances Sneed is only entitled

to judgment for the $99.25 and lawful interest thereon from the time it was paid and all his costs.

The judgment of the chancery court is, therefore, reversed, and judgment will be entered here against Smith and Deal for $99.25 and six per cent per annum interest thereon from the first day of March, 1888, and the costs.